IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 1:06cr328 (JCC) |
| MAHMOUD MOSHREFI, ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M   O P I N I O N**

The matter before the Court is Mahmoud Moshrefi's post-sentencing motion for a change in the terms of his imprisonment.

### **I. Background**

On April 16, 2007, after pleading guilty to structuring,[1] this Court adopted the pre-sentence report and found that, for sentencing purposes, Moshrefi had an offense level of 10 and a criminal history of II.  This placed Moshrefi in Zone C, with a Guideline range of 8 to 14 months.  This Court sentenced Moshrefi to the absolute minimum, requiring a term of four months imprisonment followed by four months home detention.

### **II. Analysis**

Now, on the grounds of extraordinary family circumstances, Mr. Moshrefi moves this Court to change his sentence to eight months home detention in order to enable him to continue his employment, and thus, his health benefits for his

---

[1] Mr. Moshrefi pled guilty to making incremental deposits of less than $10,000 with intent to evade the reporting requirements.  It is notable that these deposits consisted of funds that Mr. Moshrefi legally earned and for which he owed no tax liability.

ailing wife.  Unfortunately, the Court cannot provide relief to Defendant for the following reasons.

First, counsel for Moshrefi incorrectly argues that Moshrefi was in Zone A or Zone B, and therefore, a term of imprisonment is not required under USSG 5C1.1(b) and (c).  However, this assertion is incorrect.  After reviewing the sentencing transcript and the judgment order, Defendant was correctly sentenced with an offense level of 10 and criminal history of II, placing him in Zone C.  United States Sentencing Guideline 5C1.1(c) provides that,

> If the applicable guideline range is Zone C of the sentencing table, the minimum term may be satisfied by: (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of . . . home detention . . . provided that at least one-half of the minimum term is satisfied by imprisonment.

Therefore, since Defendant's guideline range was within Zone C, this Court sentenced him to the absolute minimum allowable under the United States Sentencing Guidelines.  Accordingly, defense counsel's argument that a term of imprisonment was not required is misguided, and this Court cannot afford relief.

Second, defense counsel references a statute, 18 U.S.C. § 3562, which appears only to involve probationary sentences.  As stated above, a term of imprisonment was required in this case, and accordingly, this statutory provision is not implicated in this case.

Third, defense counsel also claims that Rule 35

provides an avenue to change the terms of imprisonment, but provides no authority as to how.  Without a motion by the Government for substantial assistance, the Court can only correct or reduce a sentence if it "resulted from arithmetical, technical, or other clear error" within 7 days of judgment.  As to Mr. Moshrefi, not only has the seven day window passed, but his sentenced was also carefully imposed by this Court, as evidenced by its decision of April 16, 2007.

However, Mr. Moshrefi may not be entirely without recourse.  After carefully reviewing the United States Code, Title 18, Section 3582 governs the imposition of a sentence of imprisonment and finality of judgments.  The statute essentially provides that all sentences are final, with a few exceptions.  For purposes of Mr. Moshrefi, the only relevant exception is that:

> a court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that–(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c).  Therefore, this Court can provide relief to Mr. Moshrefi, but only upon a motion by the Director of the Bureau of Prisons.

The Court sympathizes with Moshrefi's situation, and if it had the authority to provide the relief requested, it most certainly would.  But, unfortunately, this Court has no authority

to change a previous, legally sound sentence two months after the sentence has been imposed, and therefore, the Court cannot provide the relief requested by Defendant.  All this Court can do is forward these remarks to the Director of the Bureau of Prisons, and if defense counsel is successful in petitioning the BOP Director, this Court will be strongly inclined to grant the requested relief.

### III. Conclusion

For the foregoing reasons, Defendant's request for relief will be denied.

An appropriate Order will issue.

July 25, 2007                              _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE